# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:08-CV-00034-R

**JOSEPH SHAHEEN, Ancillary Administrator**
**of the Estate of Nadia Shaheen, deceased**                                                **PLAINTIFF**

**v.**

**PROGRESSIVE CASUALTY INSURANCE COMPANY**                            **DEFENDANT**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Defendant's Motion to Dismiss (DN 12). Plaintiff has responded (DN 18), Defendant has replied (DN 20), and Plaintiff has submitted a supplemental memorandum in opposition (DN 23). This matter is now ripe for adjudication. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

This is an action for the recovery of insurance proceeds under the Kentucky Unfair Claims Settlement Practices Act ("KUCSPA"), KRS 304.12-230. Defendant Progressive Casualty Insurance Company provided coverage for a vehicle insured by Bret and Janice Yonts and provided to their son, Burgess Harrison Yonts ("Yonts"). In the early morning hours of November 11, 2005, Yonts struck decedent Nadia Shaheen with his vehicle as she was walking home from the computer lab at Murray State University. Yonts was intoxicated. He left the scene and attempted to conceal his wrongful acts. Nadia Shaheen's body was discovered several hours later.

On February 1, 2007, Yonts was convicted of wanton murder, tampering with physical evidence, driving under the influence, and leaving the scene of an accident. He was sentenced to twenty years in prison on April 9, 2007. His conviction became final after he dropped his appeal

and executed an affidavit accepting responsibility for Shaheen's death.

On October 17, 2006, Plaintiff filed suit against Yonts and others for recovery of compensatory and punitive damages. Based upon the disclosure of his counsel that Progressive afforded Yonts $250,000 of coverage for Nadia Shaheen's death, Plaintiff demanded the prompt and unconditional payment of Progressive's full coverage on March 20, 2007. On April 18, 2007, Progressive, through Yonts's counsel, offered to pay the $250,000 liability policy limit, conditioned upon the release of all claims against Yonts and dismissal of the underlying suit. On April 27, 2007, Plaintiff responded that only an unconditional payment of the liability policy limit without releasing the claims against Yonts or Plaintiff's rights to recover all damages assessed against Yonts was acceptable.

On August 5, 2008, while the present motion was pending, Yonts tendered an offer of judgment against himself in the underlying wrongful death action in the amount of $1.5 million, which Plaintiff accepted on August 12, 2009. Shortly thereafter, the Court entered final judgment in the matter.

Plaintiff now seeks damages from Progressive for violating KUCSPA. Plaintiff alleges that Progressive violated the act by not responding to his April 27 demand and by refusing to unconditionally pay its $250,000 policy limit.

**STANDARD**

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). To

2

survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1965 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.* at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

KUCSPA requires an insurance company "to deal in good faith with a claimant, whether an insured or a third-party, with respect to a claim which the insurance company is contractually obligated to pay." *Davidson v. Am. Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky. 2000) (emphasis omitted); *see also State Farm Mut. Auto. Ins. Co. v. Reeder*, 763 S.W.2d 116, 118 (Ky. 1988) (holding third-party claims may be premised upon a violation of KUCSPA). The duties imposed by KUCSPA on an insurer to a third-party apply both before and after the commencement of litigation by the third-party against the insured. *Knotts v. Zurich Ins. Co.*, 197 S.W.3d 512, 517 (Ky. 2006).

3

Progressive argues that it could not have violated KUCSPA by insisting on the release of liability for its insured in exchange for offering the liability policy limit. It states that it is obligated to protect its insured from excess judgments, and settling Plaintiff's claim without a release for its insured would have done just that. Essentially, it reasons that its duties to its insured, Yonts, trumped whatever duties it had to Plaintiff.

The Kentucky Supreme Court has recognized that, in addition to the duties owed to a third party, an insurer owes a duty to its insured to protect them from a potential excess judgment. *Motorists Mut. Ins. Co. v. Glass*, 966 S.W.2d 437, 453 (Ky. 1997) (citing *Manchester Ins. & Indem. Co. v. Grundy*, 531 S.W.2d 493 (Ky. 1976)). That duty includes obtaining from a third party a release of all claims against an insured in exchange for the payment of a liability settlement. *Id.* Unlike the case cited by Progressive, however, Kentucky does *not* believe that "[a]n insurer cannot logically owe a duty of good faith and fair dealing to the insured and a fiduciary duty to an adversarial third party in the same matter." *Gallagher v. Allstate Ins. Co.*, 74 F. Supp. 2d 652, 657 (N.D.W. Va. 1999).

In *Knotts v. Zurich Insurance Company*, the Kentucky Supreme Court held that KUCSPA applies during litigation. 197 S.W.3d at 517. Justice Cooper, dissenting, highlighted potential problems with the court's holding. He stated that "[w]hen the tort plaintiff commences the tort action against the insured tortfeasor, the insurer's primary obligation is the defense of its insured." *Id.* at 524 (Cooper, J., dissenting). He continued: "[I]t makes no sense to say that the insurer is answerable to the tort plaintiff for the manner in which it performs its contractual duty to defend its insured against the tort action. The potential for a conflict of interest in that scenario is self-evident." *Id.* (Cooper, J., dissenting).

In this case it seems Progressive may have faced the conflict of interest predicted by Justice Cooper.  Progressive offered to pay the $250,000 liability policy limit to Plaintiff, but owed a duty to Yonts to obtain a release of all claims against him.  Kentucky law, however, does not state that Progressive's duty to Yonts must be favored over its duties to Plaintiff.  Additionally, there may be additional facts which would surface during discovery.  Therefore, the Court believes that the most prudent course is to deny the motion at this time.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (DN 12) is DENIED.